Bankruptcy Case Number: **17-11049TPA**

Debtor#1: **KATHLEEN ANN PIANTA**                                    Last Four (4) Digits of SSN: **6012**

Debtor#2:                                                                                    Last Four (4) Digits of SSN:
*Check if applicable*    □ **Amended Plan**    □ **Plan expected to be completed within the next 12 months**

### CHAPTER 13 PLAN DATED OCTOBER 24, 2017
### COMBINED WITH CLAIMS BY DEBTOR PURSUANT TO RULE 3004

*UNLESS PROVIDED BY PRIOR COURT ORDER THE OFFICIAL PLAN FORM MAY NOT BE MODIFIED*

**PLAN FUNDING**
Total amount of **$1,817.00** per month for a plan term of **sixty (60)** months shall be paid to the Trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $0.00 | $1,817.00 | $0.00 |
| D#2 | $0.00 | $0.00 | $0.00 |
| (Income attachments must be used by Debtors having attachable income) | | | (SSA direct deposit recipients only) |

Estimated amount of additional plan funds from sale proceeds, etc.: $_____
The Trustee shall calculate the actual total payments estimated throughout the plan.
The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the Debtor.

**PLAN PAYMENTS TO BEGIN**: no later than one month following the filing of the bankruptcy petition.

**FOR AMENDED PLANS**:
  i. The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
  ii. The original plan term has been extended by _____months for a total of _____months from the original plan filing date;
  iii. The payment shall be changed effective_____.
  iv. The Debtor (s) have filed a motion requesting that the court appropriately change the amount of all wage orders.

The Debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $_____from the sale of this property (describe) _____. All sales shall be completed by_____. Lump sum payments shall be received by the Trustee as follows: _____.
Other payments from any source (describe specifically) _____ shall be received by the Trustee as follows: _____.

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

  *Level One:*     Unpaid filing fees.
  *Level Two:*     Secured claims and lease payments entitled to Section 1326 (a)(1)(C) pre-confirmation adequate    protection payments.
  *Level Three:*   Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and post-petition utility claims.
  *Level Four:*    Priority Domestic Support Obligations.
  *Level Five:*    Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
  *Level Six:*     All remaining secured, priority and specially classified claims, miscellaneous secured arrears.
  *Level Seven:*   Allowed general unsecured claims.
  *Level Eight:*   Untimely filed unsecured claims for which the Debtor has not lodged an objection.

**1. UNPAID FILING FEES**   _____

Filing fees: the balance of $_____ shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.

**2. PERSONAL PROPERTY SECURED CLAIMS AND LEASE PAYMENTS ENTITLED TO PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS UNDER SECTION 1326(a)(1)(C)**

*Creditors subject to these terms are identified below within parts 3b, 4b, 5b or 8b. Timely plan payments to the Trustee by the Debtor(s) shall constitute compliance with the adequate protection requirements of Section 1326 (a)(1)(C). Distributions prior to final plan confirmation shall be made at Level 2. Upon final plan confirmation, these distributions shall change to level 3. Leases provided for in this section are assumed by the Debtor(s).*

**3(a). LONG TERM CONTINUING DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED**

| Name of Creditor (include account #) | Description of Collateral (Address or parcel ID of real estate, etc.) | Monthly Payment (If changed, state effective date) | Pre-petition arrears to be cured (w/o interest, unless expressly stated) |
|---|---|---|---|
| **PNC BANK** | **MORTGAGE ON REAL ESTATE LOCATED AT 3705 LOCHIEL AVENUE, ERIE, PENNSYLVANIA 16505 DATED JUNE 18, 2007 AND RECORDED ON JUNE 22, 2007 IN ERIE COUNTY RECORD BOOK 1425, PAGE 1967 IN THE FACE AMOUNT OF $187,500.00** | **$1,054.68** | **$0.00** |
|  |  |  |  |
|  |  |  |  |

3(b). *Long term debt claims secured by PERSONAL property entitled to §1326 (a)(1)(C) preconfirmation adequate protection payments:*

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

**4. SECURED CLAIMS TO BE PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID**

4(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata" but instead, state the monthly payment to be applied to the claim):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

4(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
|  |  |  |  |  |

**5. SECURED CLAIMS TO BE FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED**

5(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim)*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| **FIRST NATIONAL BANK OF PENNSYLVANIA** | **LIEN ON CERTIFICATE OF TITLE TO A 2012 FORD ESCRAPE** | **$13,409.00** | **5%** | **$328.67** |
|  |  |  |  |  |

5(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
|  |  |  |  |  |

**6. SECURED CLAIMS NOT PAID DUE TO SURRENDER OF COLLATERAL; SPECIFY DATE OF SURRENDER**

**7. THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS:**

| Name the Creditor and identify the collateral with specificity. | Name the Creditor and identify the collateral with specificity. |
|---|---|
|  |  |
|  |  |
|  |  |

**8. LEASES.  Leases provided for in this section are assumed by the debtor(s).  Provide the number of lease payments to be made by the Trustee**.

8(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

8(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
|  |  |  |  |

**9. SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest * | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

* *The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and County of Allegheny shall bear interest at the statutory rate in effect as of the date of confirmation of the first plan providing for payment of such claims.*

**10. PRIORITY DOMESTIC SUPPORT OBLIGATIONS.**
If the Debtor (s) is currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the Debtor (s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders. If this payment is for prepetition arrearages only, check here: ☐ As to "Name of Creditor," specify the actual payee, e.g. PA SCDU, etc.

| Name of Creditor | Description | Total Amount of Claim | Monthly Payment or Prorata |
|---|---|---|---|
| | | | |
| | | | |

**11. PRIORITY UNSECURED TAX CLAIMS PAID IN FULL**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest (0% if blank) | Tax Periods |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**12. ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID**
   a. Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee.
   b. Attorney fees are payable to **Michael S. Jan Janin, Esquire, 2222 West Grandview Blvd., Erie, PA** In addition to a retainer of **$500.00** already paid by or on behalf of the Debtor, the amount of **$3,500.00** is to be paid at the rate of **$250.00** per month. Including any retainer paid, a total of **$** has been approved pursuant to a fee application. An additional **$** will be sought through a fee application to be filed and approved before any additional amount will be paid thru the Plan.

**13. OTHER PRIORITY CLAIMS TO BE PAID IN FULL**

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**14. POST-PETITION UTILITY MONTHLY PAYMENTS.** This provision completed only if utility provider has agreed to this treatment.

These payments comprise a single monthly combined payment for post-petition utility services, any post-petition delinquencies and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility file a motion requesting a payment change, the Debtor will be required to file an amended plan. These payments may not resolve all of the post-petition claims of the utility. The utility may require additional funds from the Debtor (s) after discharge.

**PAWB Local Form 10 (07/13)**                                                                                                   **Page 4 of 6**

#1079521

| Name of Creditor | Monthly Payment | Post-petition Account Number |
|---|---|---|
|  |  |  |
|  |  |  |

**15. CLAIMS OF UNSECURED NONPRIORITY CREDITORS TO BE SPECIALLY CLASSIFIED.** If the following is intended to be treated as long term continuing debt treatment pursuant to Section 1322(b)(5) of the Bankruptcy Code, check here: ☐

| Name of Creditor | Principal Balance or Long Term Debt | Rate of Interest (0% if blank) | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**16. CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS**

Debtor(s) ESTIMATE that a total of **$25,328.44** will be available for distribution to unsecured, non-priority creditors. Debtor(s) UNDERSTAND that a MINIMUM of **$25,328.44** shall be paid to unsecured, non-priority creditors in order to comply with the liquidation alternative test for confirmation. The total pool of funds estimated above is NOT the MAXIMUM amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is **54**%. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified in Parts 1 - 15, above, are included in this class.

**GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS**

This is the voluntary Chapter 13 reorganization plan of the Debtor (s). The Debtor (s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than sixty (60) months, in order to insure that the goals of the plan have been achieved. Property of the estate shall not re-vest in the Debtor (s) until the bankruptcy case is closed.

The Debtor (s) shall comply with the tax return filing requirements of Section 1308, prior to the Section 341 Meeting of Creditors, and shall provide the Trustee with documentation of such compliance at or before the time of the Section 341 Meeting of Creditors. Counsel for the Debtor(s), or Debtor (if not represented by counsel), shall provide the Trustee with the information needed for the Trustee to comply with the requirements of Section 1302 as to notification to be given to Domestic Support Obligation creditors, and Counsel for the Debtor(s), or Debtor (if pro se) shall provide the Trustee with the calculations relied upon by Counsel to determine the Debtor (s)' current monthly income and disposable income.

As a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the plan, Counsel for the debtor(s), or the debtor(s) if not represented by counsel, shall file with the Court Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) within forty-five (45) days after making the final plan payment.

All pre-petition debts are paid through the Trustee. Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

Percentage fees to the Trustee are paid on all distributions at the rate fixed by the United States Trustee. The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan. The Trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the Trustee will not be required. The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the Debtor (s) and Debtor (s)' counsel have been given notice and an opportunity to object. The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

Any Creditor whose secured claim is modified by the plan, or reduced by separate lien avoidance actions, shall retain its lien until the plan has been fully completed, or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy law, whichever occurs earlier**.**  Upon payment in accordance with these terms and successful completion of the plan by the Debtor (s), the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released

Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record, (or the Debtor (s) in the event that they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects.

Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date. LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD (OR DEBTOR, IF PRO SE) WILL NOT BE PAID.  The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor.

**BY SIGNING THIS PLAN THE UNDERSIGNED, AS COUNSEL FOR THE DEBTOR(S), OR THE DEBTOR(S) IF NOT REPRESENTED BY COUNSEL, CERTIFY THAT I/WE HAVE REVIEWED ANY PRIOR CONFIRMED PLAN(S), ORDER(S) CONFIRMING PRIOR PLAN(S), PROOFS OF CLAIM FILED WITH THE COURT BY CREDITORS, AND ANY ORDERS OF COURT AFFECTING THE AMOUNT(S) OR TREATMENT OF ANY CREDITOR CLAIMS, AND EXCEPT AS MODIFIED HEREIN, THAT THIS PROPOSED PLAN CONFORMS TO AND IS CONSISTENT WITH ALL SUCH PRIOR PLANS, ORDERS AND CLAIMS.  FALSE CERTIFICATIONS SHALL SUBJECT THE SIGNATORIES TO SANCTIONS UNDER FED.R.BANK.P. 9011.**

| | |
|---|---|
| Attorney Signature: | /s/Michael S. JanJanin |
| Attorney Name and Pa. ID#: | Michael S. JanJanin, Esquire; Pa. ID#38880 |
| Attorney Address and Phone: | 2222 West Grandview Blvd., Erie, PA  16506 |
| | Phone No. (814)833-2222 |
| Debtor Signature: | /s/Kathleen Ann Pianta |
| Debtor  Signature: | |

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                Case No. 17-11049-TPA
Kathleen Ann Pianta                                                   Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-1        User: culy          Page 1 of 2          Date Rcvd: Oct 24, 2017
                            Form ID: pdf900     Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 26, 2017.
```
db           +Kathleen Ann Pianta,    3705 Lochiel Avenue,    Erie, PA 16505-1738
14715204    ++CITIBANK,    PO BOX 790034,    ST LOUIS MO 63179-0034
              (address filed with court: Best Buy,    P.O. Box 78009,    Phoenix, AZ 85062-8009)
14715205     +CitiBank N.A.,    P.O. Box 6497,    Sioux Falls, SD 57117-6497
14715207     +Comenity Bank/Peebles,    P.O. Box 182789,    Columbus, OH 43218-2789
14703485     +Convergent Healthcare Recoveries, Inc.,    121 NE Jefferson Street,    Suite 100,
               Peoria, IL 61602-1229
14703486     +Erie Bank,    2035 Edinboro Road,    Erie, PA 16509-3452
14703487     +First National Bank of Pennsylvania,    4140 East State Street,    Hermitage, PA 16148-3401
14715212     +National City Bank of Pennsylvania,    P.O. Box 8800,    Dayton, OH 45401-8800
14703489     +PNC Bank,    2730 Liberty Avenue,    Pittsburgh, PA 15222-4747
14703488      PNC Bank,    P.O. Box 1820,    Dayton, OH 45401-1820
14715209    ++PUROLATOR EMPLOYEES FEDERAL CREDIT UNION,    PO BOX 64637,    FAYETTEVILLE NC 28306-0637
              (address filed with court: Customer Service,    P.O. Box 30495,    Tampa, FL 33630)
14715213     +Peebles,   Comenity Bank,    P.O. Box 182273,    Columbus, OH 43218-2273
14715218     +Regional Home Health & Hospice,    2564 Village Common Drive,    Erie, PA 16506-7202
14703492     +Robert N. Polas, Esquire,    Carrie A. Brown, Esquire,    Mark R. Garvey, Esquire,
               120 Corporate Blvd.,    Norfolk, VA 23502-4952
14715220     +Saint Vincent Health Center,    232 West 25th Street,    Erie, PA 16544-0001
14715221     +Saint Vincent Institute,    3530 Peach Street,    LL1,   Erie, PA 16508-2768
14703493     +UPMC Hamot,    P.O. Box 382059,    Pittsburgh, PA 15250-0001
14715225      UPMC Health Services,    P.O. Box 341472,    Pittsburgh, PA 15250-7472
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14715206     +E-mail/Text: BANKRUPTCY@BANKCNB.COM Oct 25 2017 01:16:55     CNB Bank,   P.O. Box 42,
               Clearfield, PA 16830-0042
14703490     +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 25 2017 01:39:46
               Portfolio Recovery Associates Inc.,    P.O. Box 12914,    Norfolk, VA 23541-0914
14703491     +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 25 2017 01:28:50
               Portfolio Recovery Associates, Inc.,    Riverside Commerce Center,    120 Corporate Blvd.,
               Norfolk, VA 23502-4952
14715222     +E-mail/PDF: gecsedi@recoverycorp.com Oct 25 2017 01:17:50      Synchrony Bank/J.C. Penney,
               P.O. Box 965007,    Orlando, FL 32896-5007
14715223     +E-mail/Text: BankruptcyNotice@upmc.edu Oct 25 2017 01:16:52     UPMC,   2 Hot Metal Street,
               Room 386,   Pittsburgh, PA 15203-2348
                                                                                              TOTAL: 5
```
```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14715208*    +Convergent Healthcare Recoveries, Inc.,    121 NE Jefferson Street,    Suite 100,
               Peoria, IL 61602-1229
14715210*    +Erie Bank,    2035 Edinboro Road,    Erie, PA 16509-3452
14715211*    +First National Bank of Pennsylvania,    4140 East State Street,    Hermitage, PA 16148-3401
14715215*    +PNC Bank,    2730 Liberty Avenue,    Pittsburgh, PA 15222-4747
14715214*     PNC Bank,    P.O. Box 1820,    Dayton, OH 45401-1820
14712682*   ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
              (address filed with court: Portfolio Recovery Associates, LLC,    POB 12914,   Norfolk VA 23541)
14715216*    +Portfolio Recovery Associates Inc.,    P.O. Box 12914,    Norfolk, VA 23541-0914
14715217*    +Portfolio Recovery Associates, Inc.,    Riverside Commerce Center,    120 Corporate Blvd.,
               Norfolk, VA 23502-4952
14715219*    +Robert N. Polas, Esquire,    Carrie A. Brown, Esquire,    Mark R. Garvey, Esquire,
               120 Corporate Blvd.,    Norfolk, VA 23502-4952
14715224*    +UPMC Hamot,    P.O. Box 382059,    Pittsburgh, PA 15250-0001
                                                                                 TOTALS: 0, * 10, ## 0
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 26, 2017                          Signature:  /s/Joseph Speetjens

```
District/off: 0315-1           User: culy              Page 2 of 2              Date Rcvd: Oct 24, 2017
                               Form ID: pdf900         Total Noticed: 23
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 24, 2017 at the address(es) listed below:
              Michael S. Jan Janin    on behalf of Debtor Kathleen Ann Pianta mjanjanin@quinnfirm.com,
               knottingham@quinnfirm.com;mboni@quinnfirm.com;mgleba@quinnfirm.com;mmbquinnbankruptcy@gmail.com;m
               myers@quinnfirm.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 3
```